UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WILLIAM TUNSTALL, JR., | No. 2:13-cv-0699-MCE-EFB P |
| Plaintiff, | |
| v. | ORDER |
| T. VIRGA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. However, identifying the claims and defendants that he is attempting to pursue is problematic. He commenced this action with a 33-page complaint, accompanied by nearly 150 pages of exhibits. ECF No. 1. The complaint names approximately 20 defendants. *Id.* Plaintiff subsequently filed a request to correct the spelling of one of the defendant's names. ECF No. 9. Thereafter, plaintiff filed a 9-page motion, accompanied by 30 pages of exhibits, "to add or drop parties." ECF No. 20. In that filing, plaintiff purports to add numerous defendants and claims to his complaint. *Id.* Plaintiff has also filed various letters, notices, and exhibits with the court. ECF Nos. 17, 18, 21. In addition to these filings, plaintiff requests leave to proceed in forma pauperis, and various forms of injunctive relief.

/////

/////

1

## I. Request to Proceed In Forma Pauperis

Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

However, that does not end the inquiry.

## II. Screening Requirement and Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

/////

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

### III.  Screening Order

It appears from plaintiff's numerous filings that he wishes to amend or add to his complaint in a piecemeal fashion through separate filings. This, however, is not the proper procedure for amending a complaint.[1] If plaintiff wishes to add, omit, or correct information in the operative complaint, he must submit an amended complaint that is complete within itself. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)). Plaintiff's complaint (and his intended amendments thereto) is therefore dismissed with leave to amend in accordance with the requirements set forth in this order.

Plaintiff may not amend his complaint in a piecemeal fashion by filing separate documents that are intended to be read together as though a single complaint. When a plaintiff is allowed to amend his complaint, he must write or type the amended complaint so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. Local Rule 220. That is, plaintiff must file a single amended complaint that includes all information relevant to his claim(s).

---

[1] In addition, plaintiff is hereby informed that the court is not a repository for his evidence and he shall not file documentary evidence in support of his claims unless it is necessary for the resolution of a motion.

Although plaintiff's allegations are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), plaintiff is required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (procedural requirements apply to all litigants, including prisoners lacking access to counsel); L.R. 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.").

Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). In any amended complaint, plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. *Id.* Any amended complaint shall clearly set forth the claims and allegations against each defendant, and must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Any amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

**IV.  Requests for Injunctive Relief**

Plaintiff has filed numerous requests for injunctive relief. ECF Nos. 8, 10, 12, 13, 14, 16, 22. As discussed above, plaintiff's complaint is dismissed. Plaintiff's requests for injunctive relief are therefore premature because there is no claim upon which relief could be granted and there are no defendants against whom this court could enter an order. If plaintiff files an amended complaint that states a cognizable claim, the court will order the United States Marshal to serve the amended complaint upon the named defendant(s). Accordingly, plaintiff's requests for injunctive relief are denied as premature.

/////

/////

## V. Conclusion

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint (and the intended amendments thereto, *see* ECF Nos. 1, 9, 17, 18, 20) is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in this action being dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

4. Plaintiff's requests for injunctive relief (ECF Nos. 8, 10, 12, 13, 14, 16, 22) are denied as premature.

Dated: October 15, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE