UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT WILLIAM TUNSTALL, JR.,

Plaintiff,

v.

T. VIRGA, et al.,

Defendants.

No. 2:13-cv-699-MCE-EFB P

ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915A

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. The case was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's first amended complaint is before the court for screening. ECF No. 27. Also before the court is his "Motion of Summons to Appear in Court." ECF No. 28.

**I.     Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

/////

**II.     Screening Order**

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds it must be dismissed with leave to amend. First, the complaint improperly joins unrelated claims and defendants in a single lawsuit. Plaintiff's filing is 346 pages – a 36 page amended complaint, with 310 pages of exhibits.[1] Plaintiff names approximately 35 individuals as defendants and challenges numerous unrelated incidents involving alleged violations of state and federal law.[2] The complaint includes the following allegations: (1) defendants Daly, Briones, and Zamora rejected or denied plaintiff's health care appeals between August of 2012 and March of 2013; (2) defendant Andreason and Bick failed to provide plaintiff with the medical treatment that they purported to grant in the administrative appeals process in June of 2009; (3) defendant Nappi spit food and saliva onto plaintiff's face on March 11, 2012; (4) defendants Harris, Providence, Pompey, Banks, and Anunciacion retaliated against plaintiff because plaintiff's cousin filed a staff complaint and because plaintiff's victims are African Americans; (5) defendant correctional officer Sahota threatened and discriminated against plaintiff, and interfered with his medical treatment, while defendant Brown applauded; (6) defendant Zepeda and Hall used false documents to place plaintiff in administrative segregation until February 20, 2010; (7) defendants Roland, Baca, Buckner, and Swan "stole part of plaintiff['s] court case" in retaliation for plaintiff's filing of a lawsuit; (8) defendant White stole plaintiff's candy and coffee-related products on May 9, 2013 in retaliation for plaintiff's deposition testimony; (9) defendant Dooly

---

[1] Apparently, plaintiff chose to disregard the court's earlier admonishment that "the court is not a repository for his evidence and he shall not file documentary evidence in support of his claims unless it is necessary for the resolution of a motion." ECF No. 23 at 3, n.1. Plaintiff is reminded that in the future, his filings in this action must not be accompanied by hundreds of pages of unnecessary exhibits.

[2] The exact number of defendants is not clear because some defendants are only named in the caption of the complaint, but not the body of the complaint, and vice versa. Plaintiff is cautioned that in any amended complaint, all defendants against whom he intends to assert a claim against must be identified as such in the caption of the complaint. *See* Fed. R. Civ. P. 10(a). In addition, plaintiff shall not use "Doe" defendants in any amended complaint, as unknown persons cannot be served with process until they are identified by their real names, at which point, plaintiff may move to amend the complaint to include any defendants whose names are currently unknown.

3

made the false statement that she and plaintiff "are Brother and Sister" on May 20, 2013; (10) defendants Hall, Rose, and Duffy ignored plaintiff's single cell medical chrono and issued a false rules violation report in retaliation for plaintiff's filing of a lawsuit, and to interfere with plaintiff's access to the courts; (11) in May 2013, defendants Lujan and Daly denied plaintiff's administrative appeal requesting use of a wheelchair; (12) defendant Bobbala issued plaintiff a psychotropic medication without first talking to plaintiff; (13) defendant Maxwell confined plaintiff to his cell and issued plaintiff a street hockey helmet out of "retaliation," "racism," and "discrimination"; (14) plaintiff was denied certain constitutional rights in proceedings related to an April 11, 2012 rules violation report for battery on an inmate and defendants Tuers, Angello, and Lujan should have placed plaintiff's inmate victim in administrative segregation; (15) defendant Lozano rejected plaintiff's administrative appeals; and (16) defendants Duc and Bobbola failed to provide adequate medical care following surgery on plaintiff's right shoulder, and defendants Bal and Dr. Sahota were aware that their failure in this regard could lead to an infection. While not all of plaintiff's intended claims for relief are clear, it is obvious that the above allegations may not be properly joined together as claims in a single action, as they involve discrete events that do not arise out the same occurrence and involve a common question of law or fact.[3] *See* Fed. R. Civ. P. 20(a)(2). Because the complaint plainly alleges unrelated claims against different defendants, plaintiff must file an amended complaint correcting this defect.[4]

/////

/////

---

[3] "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

[4] In doing so, plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George*, 507 F.3d at 607 (no scattershot complaints).

Second, the allegations in the complaint are simply too vague and conclusory to state a cognizable claim for relief and violate Rule 8. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. *Id.* In an amended complaint, plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks. Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002). A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of these instructions.

**III.     Leave to Amend**

The court will, however, grant leave to file an amended complaint. Plaintiff is hereby informed of the following legal standards, which may or may not apply to his intended claims for relief:

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between

5

the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.[5] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Rather, a plaintiff must plead that each defendant, through his own individual actions, has violated the Constitution. *Id.* It is plaintiff's responsibility to allege facts to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Conduct protected by the First Amendment includes communications that are "part of the grievance process." *Brodheim*, 584 F.3d at 1271 n.4.

To state a claim for violation of the right to procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003). State regulations may create a liberty interest in avoiding restrictive conditions of confinement if those conditions "present a dramatic departure from the basic conditions of [the inmate's] sentence." *Sandin v. Conner*, 515 U.S. 472, 485 (1995).

In the context of a disciplinary proceeding where a liberty interest is at stake, due process requires that "some evidence" support the disciplinary decision. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). The inmate must also receive: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to

---

[5] It appears from the amended complaint that plaintiff intends to hold several defendants liable under this theory. For example, the only allegation against defendant Virga is that he "is aware of and should be presumed to have knowledge of the UNLAWFUL PRACTICES" because he "oversee[s] the daily operations of the Institution and meets with his subordinates weekly." ECF No. 27 at 4. Virga's role as a supervisor, however, is not a sufficient basis for imposing § 1983 liability.

1  call witnesses and present documentary evidence in his defense; and (3) a written statement by
2  the factfinder of the evidence relied on and the reasons for the disciplinary action." *Id.* at 454
3  (citing *Wolff*, 418 U.S. at 563-67).

4        The Eighth Amendment protects prisoners from inhumane methods of punishment and
5  from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.
6  2006). Extreme deprivations are required to make out a conditions of confinement claim, and
7  only those deprivations denying the minimal civilized measure of life's necessities are
8  sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*,
9  503 U.S. 1, 9 (1992). "Prison officials have a duty to ensure that prisoners are provided adequate
10 shelter, food, clothing, sanitation, medical care, and personal safety. The circumstances, nature,
11 and duration of a deprivation of these necessities must be considered in determining whether a
12 constitutional violation has occurred. The more basic the need, the shorter the time it can be
13 withheld." *Johnson v. Lewis*, 217 F.3d 726, 731-732 (9th Cir. 2000) (quotations and citations
14 omitted).

15       Negligence does not amount to a violation of a federal constitutional or statutory right.
16 *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ("[A] prison official cannot be found liable
17 under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to
18 inmate health or safety[.]"); *see also id.* at 835 ("[D]eliberate indifference describes a state of
19 mind more blameworthy than negligence.").

20       "[W]henever prison officials stand accused of using excessive physical force in violation
21 of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . .: whether force was
22 applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to
23 cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). While malicious and sadistic uses of
24 force always violate contemporary standards of decency, not every "malevolent touch" by a
25 prison guard is actionable as an Eighth Amendment violation. *Id.* at 9. "The Eighth
26 Amendment's prohibition of cruel and unusual punishment necessarily excludes from
27 constitutional recognition de minimis uses of physical force, provided that the use of force is not
28 of a sort repugnant to the conscience of mankind." *Id.* at 9-10 (internal quotation marks and

citations omitted). What violates the Eighth Amendment is "the unnecessary and wanton infliction of pain," i.e., infliction of suffering that is "totally without penological justification." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981).

The following factors are relevant to a determination of whether a use of force violated the Eighth Amendment: (1) the need for the use of force; (2) the relationship between the need for force and the amount used; (3) the extent of injury inflicted; (4) the extent of the threat the officers reasonably perceived the plaintiff to pose to staff and inmate safety; and (5) any efforts made to temper the severity of the forceful response. *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. O*rtiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.* It is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. *Jackson v.*

8

*McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

There are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Thus, plaintiff may not impose liability on a defendant Fransham simply because he played a role in processing plaintiff's inmate appeals. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative "grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment. . . . Thus, defendants' failure to process any of Buckley's grievances, without more, is not actionable under section 1983." (internal quotations omitted)).

The California Torts Claims Act ("GCA") requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity *before* filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added). Timely claim presentation is not merely a procedural requirement of the GCA but is an element of a plaintiff's cause of action. *Shirk v. Vista Unified Sch. Dist.,* 42 Cal. 4th 201, 209 (2007). Thus, when a plaintiff asserts a claim subject to the GCA, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in his complaint. *Id.* The requirement that a plaintiff asserting claims subject to the GCA must affirmatively allege compliance with the claims filing requirement applies in federal court as well. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. It must also allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory.
/////

*Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

Additionally, any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court reminds plaintiff that although his allegations are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), he is required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (procedural requirements apply to all litigants, including prisoners lacking access to counsel); L.R. 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.").

**IV.     Order**

Accordingly, IT IS HEREBY ORDERED that the amended complaint is dismissed with leave to amend within 30 days, and the "Motion of Summons to Appear in Court" (ECF No. 28) is denied as moot. The amended complaint must bear the docket number assigned to this case and be titled "Second Amended Complaint." Failure to comply with this order may result in a recommendation that this action be dismissed for failure to state a claim upon which relief may be granted.

Dated:   September 25, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE